IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Sinclair Mazyck, # 238390, | ) | |
| | ) | C/A No. 0:04-0001-RBH |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Collie Rushton, Warden of McCormick | ) | |
| Correctional Institution; and Henry; | ) | |
| McMaster, Attorney General of the | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the Court on petitioner's "Motion to Rescind Order Granting Summary Judgment & Prayer to Reinstate Petition for Writ of Habeas Corpus." This Court will treat petitioner's motion as a motion as a Rule 59 Motion to Alter or Amend the Judgment.

In his motion, petitioner claims that, while he received a copy of this Court's order granting respondents' motion for summary judgment, he never received the Magistrate Judge's Report and Recommendation. Petitioner submits that he received, on December 2, 2004, "through the U.S. Mail a single document . . . from the United States District Court, for which he though[t] the State must have again, petitioner the Court for another 'extension of time,' for no other documents were enclosed in that communication." (Motion pp. 1-2) He further states:

> Plaintiff infers that he was supposed to have been served with a copy of the Magistrate Judge's Report and Recommendation and instructions associated with same. Yet, **nothing** was included with the document . . . and therefore, Petitioner had no knowledge of a Report and Recommendation being made, and further, could not have Responded with Objections to the Magistrate Judge's Report and Recommendation.

(Motion p. 2) (emphasis in original)  The Court's record reflects that on November 23, 2004, the Magistrate Judge filed his Report and Recommendation. That Report was sent to the petitioner along

with a "Notice of Right to File Objections to Magistrate Judge's Report and Recommendation & The Serious Consequences of a Failure to Do So."

Under Rule 59(e), a "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." This Court's order granting summary judgment was issued January 6, 2005. Petitioner admits in his motion that he received that order on January 10, 2005. However, he did not file the instant motion until January 26, 2005, more than ten (10) days after this Court's order. Consequently, his motion is untimely. However, even if this Court were to address petitioner's motion on the merits, he would not succeed.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Having reviewed the pleadings related to this motion, the Court finds oral argument would not aid in its decision-making process. In the view of this Court, the motion presents neither new controlling law, nor new evidence, nor points out a clear legal error of this Court — the motion is basically an attempt to reargue issues already fully briefed and decided by this Court. The Court

understands that petitioner may disagree with this Court's ruling. Nevertheless, an appeal to the Fourth Circuit after entry of judgment is the proper method for seeking review of the aggrieving ruling.

For the above reasons, the motion to alter or amend the judgment is denied.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

May 31, 2005
Florence, South Carolina